IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-mc-00136-CMA

SECURITIES AND EXCHANGE
COMMISSION,
          Applicant,

v.

TIMOTHY F. SEXTON, JR.,

          Respondent.

---

### ORDER HOLDING SEXTON IN CONTEMPT

---

This matter comes before the Court for a hearing on the Order to Show Cause issued on October 18, 2016, (ECF # 23) requiring the respondent Timothy Finbar Sexton, Jr. ("Sexton") to appear and show cause, if any, why he is not in contempt of the Court's Order entered on September 14, 2016 that required him to appear pursuant to an administrative subpoena for investigative testimony on October 6, 2016.

As background, the Securities and Exchange Commission ("SEC") served an administrative subpoena dated May 16, 2016 upon Sexton on May 17, 2016 requiring him to produce documents by May 31, 2016 to the SEC. Sexton did not respond to the subpoena. The SEC filed an application seeking an order to show cause. [ECF # 1.] The Court granted the SEC's request on June 30, 3016, and ordered Sexton to file with the Court, and serve upon the SEC, any response to the application for the Order to Show Cause within seven days or by July 7, 2016, and to comply with the subpoena

and produce non-privileged documents within 20 days of the Order or by July 20, 2016. [ECF # 7.] The Order further provided that unless Sexton complied with the subpoena on or before July 20, 2016, he was required to appear before the Court on August 3, 2016, to show cause, if any, why an order compelling compliance with the SEC's administrative subpoena should not be granted. *Id.* The SEC served the Order to Show Cause, the application, and other supporting documents upon Sexton on July 1, 2016, by serving the documents on Sexton's father at the residence which they shared. *See* Return of Service. [ECF # 9.] The docket reflects that Sexton did not file a response to the application for the Order to Show Cause.

On July 5, 2016, Sexton produced some non-privileged documents to the SEC and wrote in a letter that other requested documents no longer exist because they were lost, discarded, or destroyed between May 10, 2015 and June 15, 2015. [ECF # 11-1.] To confirm the information that Sexton provided in his letter, the SEC's staff arranged to take Sexton's investigative testimony on July 20, 2016. The staff served a second administrative subpoena upon Sexton requiring him to appear for investigative testimony on July 20, 2016. [ECF # 11-2.] Despite agreeing to the date and being personally served with a second administrative subpoena, Sexton failed to appear for investigative testimony on July 20, 2016. [ECF # 11-4, 11-5.]

On August 1, 2016, Sexton contacted the SEC requesting that the hearing set for August 3, 2016, be postponed because he was receiving medical treatment and could not attend. [ECF # 12 at p. 1.] Sexton admitted that, contrary to his previous statements, he possessed additional bank records for Bantry Bay Capital LLC and the

2

names of investment advisory clients, which he had not produced in response to the SEC's May 16, 2016 administrative subpoena. Sexton agreed to appear for investigative testimony in Denver, Colorado on September 1, 2016, and to produce the bank records and names of his clients by that date. *Id.* at p. 1-2.

The SEC issued a third administrative subpoena dated August 2, 2016 requiring Sexton to appear for investigative testimony and produce additional documents on September 1, 2016. *See* Declaration of Matthew L. Skidmore at ¶ 5 and Exhibit 1. [ECF # 17-1 and 17-2.] The SEC served the subpoena by delivering it to Sexton's address by courier. *Id.* To facilitate Sexton's testimony, the SEC arranged an airline ticket for Sexton to travel to Denver. Sexton telephoned the staff on August 31, 2016 advising them that he was at the airport ready to fly to Denver. However, he did not appear for testimony the following day, or produce the documents requested in the subpoena as required by the Court's Order To Show Cause entered on June 30, 2016. *Id.*, Declaration at ¶ 5. On September 1, 2016, Sexton sent an email to the SEC staff stating he had a personal emergency and was unable to fly to Denver for the testimony. The staff responded with a letter modifying the subpoena and rescheduling the date for Sexton's testimony to October 6, 2016 at 9:00 a.m. in Denver, Colorado. *Id.* at ¶ 6, Exhibit 2 [ECF # 17-3].

On September 14, 2016, the Court held a hearing on the Order to Show Cause. Sexton appeared at the hearing and produced copies of a Bantry Bay bank account at Citibank N.A., which had been previously subpoenaed by the SEC. At the hearing, the Court ordered Sexton to appear at the SEC's investigative testimony set for October 6,

2016 in Denver, Colorado, and explicitly advised Sexton that the Court would issue an arrest warrant if he failed to appear. [ECF # 17-1, Declaration at ¶ 7]. Sexton responded that he understood the Court's order required him to appear for investigative testimony before the SEC and confirmed he would appear. *Id.*

Contrary to his assurances, Sexton did not appear on October 6, 2016 for investigative testimony. *Id.* at ¶ 9. Sexton did not contact the SEC's staff to request that the date be rescheduled or advise that he was unavailable to appear. *Id.* On October 6, 2016, the SEC filed a motion requesting the Court issue an arrest warrant and order to show cause, if any, why Sexton was not in contempt of the Court's September 14, 2016 order requiring him to appear before the SEC for investigative testimony. [ECF # 17.]

On October 12, 2016, the Court issued an Order to Show Cause, and ordered that a warrant issue for the arrest of Sexton, that he remain confined until he appears before this Court and shows cause, if any, why he should not be held in contempt of the September 14, 2016 order, and that he shall remain in custody until he complies with the SEC's administrative subpoena for testimony. The Court was advised that Sexton was arrested in New York on November 29, 2016, and ordered to be detained and remanded to the custody of the United States Marshals Service for transfer to the District of Colorado for appearance before this Court. [ECF # 21 at p. 2.]

On December 15, 2016, the Court entered an order for Sexton to appear and show cause, if any, why he is not in contempt of the Court's Order entered on September 14, 2016. [ECF # 23.] "To prevail in a civil contempt proceeding, the

4

plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (citations omitted). Once the plaintiff makes that showing, the burden shifts to the respondent to show either that he complied with the order or that he could not comply with it. *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

The Court finds that ~~the SEC has met this burden~~ Mr. Sexton has admitted contempt of Judge Arguello's Order. On September 14, 2016, the Court ordered Sexton to appear for investigative testimony on October 6, 2016 pursuant to the SEC's administrative subpoena. Sexton, who was present at the hearing, had knowledge of the order and confirmed that he would appear on October 6, 2016. Sexton disobeyed the order and did not appear for testimony. Sexton has failed to meet his burden of showing either that he complied with the order to appear for testimony or that he could not comply with it.

IT IS ORDERED Timothy Finbar Sexton, Jr. is in civil contempt of the Court's Order entered on September 14, 2016. Sexton shall remain confined in civil custody until he purges his contempt and provides investigative testimony pursuant to the SEC's administrative subpoena.

IT IS FURTHER ORDRED that Sexton shall appear at 9:00 a.m. on December 21, 2016 in the Federal Correctional Institution located at Englewood, Colorado and give sworn testimony before a court reporter and attorneys for the SEC. The testimony

of Sexton will continue from day to day until it is completed. The SEC will report to the Court at the conclusion of the testimony whether Sexton has purged his contempt.

DATED:

BY THE COURT:

RAYMOND P. MOORE
United States District Judge